LOKEN, Circuit Judge, dissenting. I respectfully dissent. When reviewing an interlocutory appeal from the denial of qualified immunity, we have jurisdiction to determine whether “a given set of facts violates clearly established law.” Johnson v. Jones 515 U.S. 304, 319, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995). In conducting this review, “the court of appeals can simply take, as given, the. facts that the district court assumed when it denied summary judgment for that (purely legal) reason.” Id. ‘ In White v. Pauly, a recent case involving a police officer’s use of deadly force, the Supreme Court in reversing the denial of qualified immunity observed: Today, it is again necessary to reiterate the1 longstanding principle that ‘clearly established law1 should not be defined ‘at a high level of generality.’ As this Court explained decades -ago, the clearly established law must be ‘particularized’ to the facts of the case.... [The Court of Appeals] failed to identify a case where an officer acting under similar circumstances ... was held to have violated the Fourth Amendment. ' — U.S. —, 137 S.Ct. 548, 552, 196 L.Ed.2d 463 (2017). In Mullenix v. Luna, another deadly force case, the Court reversed the denial of qualified immunity, explaining: “The relevant inquiry is whether existing precedent placed the conclusion that [the officer] acted unreasonably in these circumstances ‘beyond debate.’ The general principle that deadly force requires a sufficient threat. hardly settles this matter.” — U.S.—, 136 S.Ct. 305, 309, 193 L.Ed.2d 255 (2015). In this case, it is uncontroverted that police officers cornered Walter Franklin hiding in the basement of a home he broke into while fleeing the police. Franklin refused to surrender, and a violent struggle ensued. Franklin grabbed an officer’s gun and fired, wounding two officers. Officer Durand continued to struggle with Franklin and yelled, “he’s got a gun.” Officers Peterson and Meath fired their handguns, mortally wounding Franklin. In denying qualified immunity, the district court stated the general principle that it is clearly established a police officer may not use deadly force unless the suspect poses a significant threat of death ,or serious physical injury to the officer or others. The court.then reasoned: While it is -certainly true that Officers Peterson and Meath were faced with a -situation that posed-'a significant threat of death ■ or serious physical injury- to them or others, a factual dispute exists over whether such a situation was present at the time when the officers used deadly force against Franklin. The court’s basis for that factual dispute? The “Gaines video;” filmed from across the street; a proposed expert’s opinion that the video ■ established a twenty- to seventy-second gap between the first shots and the shots that killed Franklin; and the fact that no blood was found on Officer Du-rand’s MP5 when officers testified, that Durand and Franklin were struggling for the gun when they shot Franklin. In my view, accepting as true the alleged seventy-second gap between the shots that wounded two officers and the shots that killed Frahklin, and the lack of blood on Durand’s MP5, there is no existing precedent establishing “beyond debate” that Officers Peterson and Meath acted unreasonably in using deadly force. Indeed, numerous Eighth 'Circuit cases have held that officers acted in an objectively reasonable manner when they employed deadly force in similar situations. For example, in Aipperspach v. McInerney, 766 F.3d 803, 807 (8th Cir. 2014), we upheld the grant of qualified immunity for the use of deadly force, explaining: The responding officers were confronted with a suspect who held what appeared to be a handgun, refused repeated commands to drop the gun, pointed it once at [an officer], and then waved it in the direction of officers deployed along the ridge line in an action they perceived as menacing. In Aipperspach, the gun turned out to be a toy gun, and a video filmed from an overhead news helicopter showed the suspect making movements that might have been an attempt to surrender or an indication that he had lost his balance, rather than threats to shoot at. the officers. Id. at 805-06. But the video did not clearly contradict the officers’ version of the incident and therefore “shed no material light” on whether the officers who used deadly force reasonably feared for their lives or the lives of fellow officers. Id. at 808. Here, of course, the officers were not dealing with a suspect who was threatening serious injury. Two officers had already been shot. On this record, I conclude the district court erred in failing to rely on Supreme Court and Eighth Circuit precedents demonstrating that the alleged unreasonable use of deadly force was not beyond debate. Therefore, I would reverse the denial of qualified immunity to Officers Peterson and Meath.